IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATTY JOE STUMP,

            Plaintiff,

v.                                                                Civil Action No. 1:16-CV-238

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

            Defendant.

**REPORT AND RECOMMENDATION**

**I.    SUMMARY**

       The Plaintiff advances two arguments, neither of which the Court finds persuasive. Therefore, the Court recommends that the Plaintiff's [ECF No. 12] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 13] Motion for Summary Judgment be granted.

       First, the Plaintiff argues that since the Administrative Law Judge ("ALJ") indicated that the Plaintiff fell somewhere between the "light work" and "sedentary work" categories, she must find a significant reduction of the light work job base, and place the Plaintiff instead in the sedentary category. However, as explained in more detail below, the regulations give the ALJ other options for proceeding once she has determined a Plaintiff falls somewhere between two work categories.

       Second, the Plaintiff argues that the ALJ did not properly evaluate, nor give proper weight to the medical opinions of multiple treating sources. Yet, the ALJ did discuss and evaluate each of these sources in her decision, and her decision is supported by substantial evidence.

1

## II. PROCEDURAL HISTORY

On April 9, 2013, the Plaintiff, Patty Joe Stump, filed applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). R. 15. The Plaintiff's applications alleged a disability beginning July 15, 2012. R. 15. The Plaintiff's applications were initially denied on August 15, 2013, and again upon reconsideration on November 18, 2013. R. 15. Thereafter, the Plaintiff filed a request for a hearing. R. 15. The Plaintiff, represented by a non-attorney, appeared and testified at the hearing held on May 14, 2015, as did a vocational expert ("VE"). R. 15. On June 15, 2015, the ALJ issued an unfavorable decision. R. 26. The Appeals Council denied review. R. 1.

On December 20, 2016, the Plaintiff filed a complaint to obtain judicial review of the decision of the Commissioner of Social Security denying her applications. ECF No. 1.

## III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d);

416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since July 15, 2012, the alleged onset date. R. 17. At step two, the ALJ found that the Plaintiff had a severe impairment of degenerative disc disease of the lumbar spine. R. 17. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings. R. 18. The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking four hours in an eight-hour workday and sitting about six hours in an eight-hour workday. The individual can perform all postural movements occasionally, except can never climb ladders, ropes or scaffolds; work should not require more than occasional exposure to concentrated levels of extreme temperatures. Work should never require exposure to concentrated levels of vibration or hazards, such as moving

mechanical parts or unprotected heights. Work should be limited to simple routine tasks.

R. 18. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 25. At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. 25. Thus, the ALJ found that the Plaintiff was not disabled. R. 26.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a

preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

V.  DISCUSSION

The Plaintiff advances two arguments. First, that the ALJ failed to properly address the category of work that the Plaintiff is capable of performing. Second, that the ALJ did not properly consider all relevant medical evidence. The Court is not persuaded by either argument.

5

### **A.**     **The ALJ Did Not Err in Finding That Plaintiff Could do Light Work**

The Plaintiff argues that the ALJ failed to properly address the category of work that the Plaintiff is capable of performing.  The Court disagrees.

If the ALJ determines in step four, as is the case here, that the claimant cannot perform the requirements of her past relevant work, the Commissioner must demonstrate at step five that other work exists in significant numbers in the national economy that the claimant can do given her RFC, age, education, and work experience. *Id.* §§ 404.1520(g); 416.920(g).

The ALJ determined that the Plaintiff's RFC placed her between the "light" and "sedentary" categories of work. The Plaintiff argues that the ALJ was then required to determine whether there had been a "significant reduction" in the Plaintiff's ability to perform work in the "light" category, citing Social Security Ruling ("SSR") 83-12.  ECF 12 at 2-3.  This argument is not consistent with the standards of SSR 83-12.

SSR 83-12 provides *guidance* to ALJ's who have this issue and establishes standards for deciding this issue.  SSR 83-12 states that if the exertional level of the claimant falls between two levels which would result in opposite conclusions, "if the exertional capacity is significantly reduced in terms of the regularity definition, it *could* indicate little more than the occupational base . . . and *could* justify finding of "[d]isabled." SSR 83-12(2)(b) (emphasis added).  Not only does this not offer a directive to the ALJ to make an express finding as to whether the Plaintiff's ability to perform light work is significantly reduced, it does not even say that a determination of significantly reduced ability necessitates a drop to the lower level of work category, in this case sedentary. *Id.*

6

Furthermore, SSR 83-12 states that in situations in which a claimant is between two exertional levels, that the ALJ receiving assistance from a VE "is advisable", which is the approach the ALJ followed here. The ALJ questioned a VE about Plaintiff's ability to perform jobs given her RFC, age, education, and work experience; and the VE testified that there were jobs that Plaintiff, taking into account all these factors, would be able to perform. The VE specifically listed jobs in the "light" work category that Plaintiff would be able to perform given her limitations, and testified that the jobs were available in significant numbers in the national economy. R. 26.

The role of the Court is not to make a determination as to whether the Plaintiff is disabled. *Johnson*, 434 F.3d at 653. Rather, the Court's role is to ensure that the correct law was applied. *Walls*, 296 F.3d at 287. Here, when the ALJ determined that the Plaintiff's RFC placed her capacity for work somewhere between the "light" and "sedentary" levels, she followed the procedure suggested by SSR 83-12.

Therefore, the ALJ's finding that Plaintiff is capable of performing work in the "light" category and is thus not disabled is not an error, and Plaintiff's claim that she should have been found to be capable of only sedentary work is without merit.

### B. The ALJ Properly Evaluated All Relevant Medical Evidence

The Plaintiff argues that the ALJ did not properly consider all relevant medical evidence. The Court disagrees.

The Plaintiff argues that all medical evidence point to a finding that Plaintiff is only capable of doing work in the sedentary category, and the ALJ did not have a sufficient basis for finding otherwise. Additionally, Plaintiff argues that the ALJ failed to

7

give sufficient weight to Dr. Catherine Grant and Dr. Russell Biundo, who are both treating physicians.

In determining whether a claimant is disabled, the ALJ always considers the medical opinions in the case record together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). Generally, more weight is given to a medical source who has treated the claimant than to one who has not. *Id*. § 416.927(c). Other factors considered when evaluating how much weight to give a medical source include: length and frequency of treatment relationship, nature and extent of treatment relationship, the supportability of the findings, the consistency when compared against the record as a whole, whether the physician is a specialist, and any other factors brought to the ALJ's attention which tend to support or contradict the findings. *Id*.

Here, both the reviewing state agency physicians, and the VE, provided opinions that contradicted some of the findings of treating physicians Dr. Grant and Dr. Biundo. R. at 24-25. The state agency physicians, for example, found that the Plaintiff is capable of activity in the "light work" category, and the VE provided testimony amounting to the same finding. R. at 24.

Furthermore, 20 C.F.R. 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." *Id*. This includes determinations about whether a claimant is disabled or unable to work. *Id*. The regulation goes on to say that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or

the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." *Id*. In conclusion, 20 C.F.R. 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." *Id*. Therefore, although the ALJ must consider all medical evidence, the doctors' opinions about which category of work the Plaintiff was capable of performing is not a medical opinion, but an issued reserved to the ALJ.

The Plaintiff's assertion that "every medical opinion of record disputes the ALJ's RFC finding," is inaccurate. ECF 12-1 at 5. The VE, although not using the term "light work," listed jobs that the VE testified the Plaintiff was capable of performing that fell within the "light" category. R. 26. The ALJ also stated that the "limitation to a range of light work is also consistent with and supported by the residual functional capacity assessments by the reviewing physicians for the state agency." R. 24. Although the Plaintiff contends that Drs. Grant and Biundo should be given more weight than the VE and the state agency physicians, the Court's role is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the ALJ. *Walls*, 296 F.3d at 290. Rather, the Court's role is to determine whether substantial evidence supports the ALJ's findings. *Id*.

In the instant case, there are multiple medical sources contending that the Plaintiff is only capable of doing sedentary work, and multiple medical sources contending that the Plaintiff is capable of doing light work. The ALJ, who has the final say as to which category the Plaintiff belongs per the regulations, comes down right in the middle in declaring that the Plaintiff fell between the two exertional levels but is capable of performing some jobs in the "light work" category.

Therefore, the ALJ's evaluated treating source evidence in accordance with applicable law, and her finding was supported by substantial evidence.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 12] Motion for Summary Judgment be **DENIED**; and

2. Commissioner's [ECF No. 13] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 30, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE